United States District Court
Southern District of Texas
**ENTERED**
May 03, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ADOLFO ERAZO, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 4:23-cv-1965 |
| § | |
| STATE FARM LLOYDS, § | |
| § | |
| Defendant. § | |

**MEMORANDUM AND RECOMMENDATION**

Pending before the Court is Defendant State Farm Lloyds' ("Defendant") Motion for Summary Judgment.[1] (ECF No. 12). Based on a review of the motion, summary judgment record, and applicable law, the Court **RECOMMENDS** Defendant's Motion be **GRANTED IN PART** and **DENIED IN PART**.

I.  **Background**

This case stems from an insurance coverage dispute. Plaintiff Adolfo Erazo ("Plaintiff") is the owner of a State Farm insurance policy (the "Policy") for his property in Houston, Texas (the "Property"). (ECF No. 1-3 at ¶ 7). Plaintiff alleges his Property sustained extensive damage as a result of a

---

[1] On April 22, 2024, this case was referred to the Undersigned for all purposes pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Federal Rule of Civil Procedure 72. (ECF No. 15).

severe storm on or about March 21, 2022. (*Id.* at ¶ 9). Plaintiff submitted a claim to Defendant against the Policy for damage to the Property. (*Id.* at ¶ 10). On September 12, 2022, Defendant sent an adjuster to conduct an inspection of the Property during which the adjuster found no wind or hail damage. (*Id.* at ¶ 12). On the same day, Defendant issued a letter to Plaintiff denying his claim. (*Id.*).

Plaintiff then hired a public adjuster, Berkley International, to assist with the claim. (ECF No. 13 at 6). On November 1, 2022, Berkley International sent a letter to Defendant containing a repair estimate, photographs of the alleged damage, and a request for a second inspection. (*Id.*; ECF No. 12 at 7). On November 12, 2022, after reviewing the materials, Defendant sent a letter to Berkely International declining to reinspect the Property because its September 12, 2022, findings remained unchanged. (ECF No. 12 at 7; ECF No. 13 at 6).

On April 12, 2023, Plaintiff filed his original petition against Defendant in the 152nd Judicial District Court, alleging claims for fraud, breach of contract, breach of the common-law duty of good faith and fair dealing, violations of Chapter 541 and 542 of the Texas Insurance Code, and violations of the Texas Deceptive Trade Practices Act ("DTPA"). (ECF No. 1-3 at ¶¶ 36–57). On May 27, 2023, Defendant filed its answer and removed the case to federal court. (ECF Nos. 1, 1-3).

## II. Legal Standard

Rule 56(a) instructs the Court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See Nall v. BNSF Ry. Co.*, 917 F.3d 335, 340 (5th Cir. 2019). "Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Talasek v. Nat'l Oilwell Varco, L.P.*, 16 F.4th 164, 168 (5th Cir. 2021) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). A material fact is one that "might affect the outcome of the suit under the governing law." *Bazan ex rel. v. Hidalgo Cty.*, 246 F.3d 481, 489 (5th Cir. 2001) (emphasis omitted); *see Aguirre v. City of San Antonio*, 995 F.3d 395, 406 (5th Cir. 2021). "An issue is 'genuine' if it is real and substantial, as opposed to merely formal, pretended, or a sham." *Bazan*, 246 F.3d at 489 (emphasis omitted). The Court must view the evidence in a light most favorable to the nonmovant. *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997).

The movant is tasked with the initial burden of informing the Court of the basis for the motion and pointing to relevant excerpts in evidence that demonstrate the absence of genuine issues of material fact. *See Coastal Agric. Supply, Inc. v. JP Morgan Chase Bank, N.A.*, 759 F.3d 498, 505 (5th Cir. 2014)

(quoting *Celotex Corp.*, 477 U.S. at 323). The movant may also argue that the nonmovant failed to produce evidence in support of at least one element of a cause of action for which he bears the burden of proof. *See Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 335 (5th Cir. 2017).

If the movant satisfies the initial burden, it shifts to the nonmovant who must produce evidence of a genuine factual dispute; he may not merely rest on the allegations in his pleading. *See Coastal Agric. Supply, Inc.*, 759 F.3d at 505 (quoting *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005)). The Court should not accept "[u]nsubstantiated assertions, improbable inferences, [or] unsupported speculation" as sufficient to carry the nonmovant's burden. *Brown v. City of Houston, Tex.*, 337 F.3d 539, 541 (5th Cir. 2003). However, where there is evidence of a genuine factual dispute, such disputes are resolved in favor of the nonmoving party "when an actual controversy exists, that is, when both parties have submitted evidence of contradictory facts." *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999); *McCarty v. Hillstone Rest. Grp., Inc.*, 864 F.3d 354, 358 (5th Cir. 2017). Further, a genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Baker v. Coburn*, 68 F.4th 240, 244 (5th Cir. 2023), *as revised* (May 19, 2023).

### III. Discussion

#### A. Evidentiary Objection

The Court first addresses Plaintiff's general objection to and request to strike Defendant's affidavit as hearsay within hearsay, and thus, inadmissible as summary judgment evidence.

Federal Rule of Civil Procedure 56(c)(4) provides that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Summary judgment evidence is subject to the same rules of admissibility as in a trial. *Resol. Tr. Corp. v. Starkey*, 41 F.3d 1018, 1024 (5th Cir. 1995); *Century Sur. Co. v. Colgate Operating, LLC*, 679 F.Supp. 3d 565, 570 (W.D. Tex. 2023). "'Affidavits asserting personal knowledge must include enough factual support to show that the affiant possesses that knowledge.'" *Amie v. El Paso Indep. Sch. Dist.*, 253 Fed. App'x 447, 451 (5th Cir. 2007) (quoting *El Deeb v. Univ. of Minn.*, 60 F.3d 423, 428 (8th Cir. 1995)). Conclusory affidavits cannot create a fact issue to defeat summary judgment. *See First Colony Life Ins. Co. v. Sanford*, 555 F.3d 177, 181 (5th Cir. 2009).

However, "personal knowledge does not necessarily mean contemporaneous knowledge." *Sharp Mexican Partners, LP v. Republic Waste Servs. Of Tex., Ltd.*, No. 3:17-cv-1605-S-BN, 2019 WL 5887343, at *12 (N.D.

Tex. July 23, 2019), *report and recommendation adopted*, No. 3:17-cv-1605-S-BN, 2019 WL 3819208 (N.D. Tex. Aug. 14, 2019) (citing *Dalton v. FDIC*, 987 F.2d 1216, 1223 (5th Cir. 1993)). "An affiant's or declarant's personal knowledge may be demonstrated by showing that the facts stated 'reasonably' fall within the 'sphere of responsibility' of the affiant as corporate employee." *Id.* (citing *Cutting Underwater Techs. USA, Inc. v. Eni U.S. Operating Co.*, 671 F.3d 512, 516 (5th Cir. 2012); *Rutledge v. Liab. Ins. Indus.*, 487 F.Supp. 5, 7 (W.D. La. 1979) ("'An official title alone is enough to indicate the basis of personal knowledge . . . .'") (additional citations omitted)). A court may rely upon affidavits "where the affiants' 'personal knowledge and competence to testify are reasonably inferred from their positions and the nature of their participation in the matters to which they swore.'" *Madison One Holdings, LLC v. Punch Int'l, NV*, No. CIV.4:06-cv-3560, 2009 WL 911984, at *11 (S.D. Tex. Mar. 31, 2009) (citing *DIRECTTV, Inc. v. Budden*, 420 F.3d 521, 530 (5th Cir. 2005) (quoting *Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999, 1018 (9th Cir. 1990))). Thus, affiants may have personal knowledge about matters in which they did not actually participate. *Id.* (citing *Hamilton v. Trover Sols., Inc.*, 104 Fed. App'x. 942, 944 (5th Cir. 2004)). Accordingly, "'a manager of an organization can glean personal knowledge of the practices of that organization by participating in those practices or reviewing the organization's records.'" *Id.* (quoting *Hamilton*, 104 Fed. App'x. at 944).

Specifically, Plaintiff objects to paragraphs five through eleven of Defendant's Exhibit B, the Declaration of Louis Slovensky ("Slovensky"), as hearsay within hearsay. (ECF No. 13 at 8–9). He claims that Slovensky's caveat, in his affidavit, that his statements come from either his personal knowledge or from his review of files and records maintained by Defendant, avoids the personal knowledge requirement to admit his affidavit in evidence. (*Id.*). Defendant argues Slovensky's Declaration is admissible in evidence as a business record affidavit pursuant to Federal Rule of Evidence 902(11) and excluded as hearsay under Federal Rules of Evidence 803(6) and 801(d). (ECF No. 14 at 3). Defendant further asserts that, as team manager, Slovenksy has personal knowledge of the facts within his affidavit and the attached business records. (*Id.* at 2).

Under Federal Rule of Evidence 803(6), records of a business's regularly conducted activity are admissible if the records were (1) made at or near the time of the activity record, (2) made by, or from information transmitted by, a person with knowledge of the activity recorded, (3) kept in the regular course of business, and (4) made in the regular course of the business. Business records affidavits, which only require that the affiant have "personal knowledge to testify as custodian of documents" and "personal knowledge as to some of the statements in the affidavit," are admissible in evidence. *See Tex. A&M Rsch. Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003);

*FSLIC v. Griffin*, 935 F.2d 691, 702 (5th Cir. 1991) (finding that hearsay statements contained in the business record affidavit were excepted from hearsay under the business records exception).

Here, Slovensky's Declaration identifies his position as "Claim Team Manger authorized to handle claims on behalf of State Farm Lloyds." (ECF No. 12-2 at 2). Because of his position, Slovensky states he has personal knowledge of the files and records related to Plaintiff's claim, is familiar with the Policy provisions, and attests to how the attached related records are maintained in the ordinary and regular course of business. (*Id.*). Thus, the Court will infer Slovensky's personal knowledge and competence to testify about the matters contained in his affidavit from his position with Defendant. The Court also finds that Slovensky's affidavit properly authenticates the relevant business records under Rule 902(11) and qualifies as an exception to the hearsay rule under Rule 803(6) of the Federal Rules of Evidence. As such, Slovensky's Declaration is considered proper summary judgment evidence. Plaintiff's objection is overruled.

### B. Breach of Contract Claim

Defendant argues it is entitled to summary judgment on Plaintiff's breach of contract claim because Plaintiff has failed to present evidence that

wind or hail damaged his Property.² (ECF No. 12 at 9–13). Defendant also claims the conditions on Plaintiff's roof are the result of normal wear and tear and other age-related, non-covered losses. (*Id.* at 13). Conversely, Plaintiff contends the report, observations, and photos from his independent adjuster create a genuine issue of material fact as to whether Defendant breached the Policy. (ECF No. 13 at 11). The Court agrees with Plaintiff.

"An insured cannot recover under an insurance policy unless it pleads and proves facts that show that its damages are covered by the policy." *Tchakarov v. Allstate Indem. Co.*, No. 3:20-cv-2769-D, 2021 WL 4942193, at *5 (N.D. Tex. Oct. 22, 2021). Here, Plaintiff has produced sufficient evidence to create a genuine issue of material fact on whether his Property sustained covered damage on the date of loss. Plaintiff relies on the report of Brandon Allen ("Allen"), his retained independent adjuster, who concluded after inspecting the Property, that "there was sufficient hail damage . . . to warrant full replacement." (ECF No. 13-2 at 3). Allen further identified wind damage. (*Id.*). Based on the weather data Allen researched, he stated that the size of the hail during the hail and windstorm that impacted the Property was "sufficient to cause the damage" he observed. (*Id.*). This evidence is sufficient

---

² Neither party disputes that wind or hail damage would be considered a covered loss under the Policy.

to create a genuine issue of material fact on the question of coverage.[3] *See Labourdette v. State Farm Lloyds*, No. 4:19-cv-2551, 2021 WL 2042974, at *4 (S.D. Tex. May 21, 2021); *Garcia v. State Farm Lloyds*, 629 F. Supp. 3d 504, 508 (N.D. Tex. 2022). Accordingly, the Court recommends that Defendant's motion be denied as to Plaintiff's breach of contract claim.

### C. Duty of Good Faith and Fair Dealing, the DTPA, and Texas Insurance Code Chapter 541 Claims

Defendant contends it is entitled to summary judgment on Plaintiff's following claims: (1) breach of the common-law duty of good faith and fair dealing; (2) DTPA violations; and (3) violation of Texas Insurance Code Chapter 541. (ECF No. 12 at 15–18). Specifically, Defendant contends summary judgment is proper because a bona fide coverage dispute does not implicate bad faith and Plaintiff cannot show that Defendant acted unreasonably. (*Id.*). Conversely, Plaintiff argues Defendant made numerous misrepresentations regarding pertinent facts and policy provisions. (ECF No. 13 at 15–22). Plaintiff also argues that his DTPA claim should survive if the Court allows Plaintiff's claims under Texas Insurance Code Chapter 541 and 542 to survive as well. (*Id.* at 19). The Court agrees with Defendant.

---

[3] "When this court denies rather than grants summary judgment, it typically does not set out in detail the evidence that creates a genuine issue of material fact." *Valcho v. Dall. Cnty. Hosp. Dist.*, 658 F.Supp. 2d 802, 812 n.8 (N.D. Tex. 2009).

The DTPA was enacted to "protect consumers against false, misleading, and deceptive business practices, unconscionable actions, and breaches of warranty and to provide efficient and economical procedures to secure such protection." TEX. BUS. & COM CODE § 17.44. Plaintiff alleges Defendant violated sections 17.46(b)(2), (5), (7), (9), (12), (20), (24) and 17.50(a)(2–4) of the DTPA. (ECF No. 1-3 at ¶ 52).

Similarly, Texas Insurance Code Chapter 541 was enacted to "regulate trade practices in the business of insurance by: (1) defining or providing for the determination of trade practices in this state that are unfair methods of competition or unfair or deceptive acts or practices; and (2) prohibiting those trade practices." TEX. INS. CODE § 541.001. Plaintiff alleges Defendant violated sections 541.060(a)(1), (a)(2)(A), (a)(3), and (a)(7) of the Texas Insurance Code. (ECF No. 1-3 at ¶¶ 40–44).

Three of Plaintiff's extra-contractual claims (breach of the common-law duty of good faith and fair dealing, DTPA violations, and violation of Texas Insurance Code Chapter 541) "share the same predicate for recovery: a showing of common law bad faith." *Alvarez v. State Farm Lloyds*, No. SA-18-cv-01191-XR, 2020 WL 1033657, at *3 (W.D. Tex. Mar. 2, 2020) (granting summary judgment on claims for Texas Insurance Code violations, DTPA violations, and breach of the duty of good faith and fair dealing because there was no evidence of bad faith) (citing *Parkans Int'l LLC v. Zurich Ins. Co.*, 299

F.3d 514, 519 (5th Cir. 2002)); *see also Labourdette*, 2021 WL 2042974, at *5 (granting summary judgment on a statutory bad faith claim under Chapter 541 of the Texas Insurance Code because there was no evidence of bad faith).

A plaintiff may sue for breach of the duty of good faith and fair dealing if their insurer denies or delays their claim without any reasonable basis for the denial or delay in the processing of claims. *Blueitt v. Crestbrook Ins. Co.*, 643 F. Supp. 3d 651, 658 (N.D. Tex. 2022) (citing *Arnold v. Nat'l Cnty. Mut. Fire Ins. Co.*, 725 S.W.2d 165, 167 (Tex. 1987)). However, courts have consistently held that a bona fide coverage dispute is not evidence of an insurer's unreasonableness. *Higginbotham v. State Farm Mut. Auto. Ins. Co.*, 103 F.3d 456, 459 (5th Cir. 1997); *see also Blueitt*, 643 F.Supp. 3d at 658.

"[C]ourts have [also] recognized the close relationship between common law bad faith claims and the statutory bad faith claims found in the Texas Insurance Code and the [DTPA]." *Blueitt*, 643 F.Supp. 3d at 658 (citing *Higginbotham*, 103 F.3d at 459). "Because of this similarity, Texas courts have held that the bona fide dispute rule also applies to statutory bad faith claims under the [DTPA] and the Texas Insurance Code." *Id.* As a result, "when an insured joins claims under the Texas Insurance Code and the DTPA with a bad faith claim asserting a wrongful denial or delay in the payment of policy benefits, if there is no merit to the bad faith claim, there can be no liability on the statutory claims." *Kondos v. Allstate Tex. Lloyds*, No. CIV.A. 1:03-cv-1440,

2005 WL 1004720, at *13 (E.D. Tex. Apr. 25, 2005) (citing *Higginbotham*, 103 F.3d at 460); *see also Soto v. Lloyds*, No. 5:15-cv-86, 2016 WL 6883174, at *5 (S.D. Tex. Aug. 19, 2016).

Here, Defendant promptly responded to Plaintiff's claim by sending an adjuster to inspect the Property on September 12, 2022. (ECF No. 12 at 6; ECF No. 13 at 5). The adjuster did not observe any wind or hail damage to the Property. (ECF No. 13 at 6). On the same day, Defendant sent a letter to Plaintiff denying his claim because the damage to the Property was consistent with wear, tear, and deterioration. (*Id.*; ECF No. 12 at 7). On November 1, 2022, Plaintiff's public adjuster, Berkley International, sent a letter to Defendant containing a repair estimate, photographs of the alleged damage, and a request for a second inspection. (ECF No. 12 at 7; ECF No. 13 at 6). On November 12, 2022, after reviewing the materials, Defendant sent a letter to Berkely International declining to reinspect the Property because its September 12, 2022, findings remained unchanged. (ECF No. 12 at 7; ECF No. 13 at 6).

These undisputed facts establish a reasonable basis for Defendant's denial of Plaintiff's insurance claim. The misrepresentations alleged by Plaintiff stem from his disagreements with Defendant's findings following the inspection of his Property and whether the Policy provided coverage. (ECF No. 13 at 15–18, 20–22). "That [Plaintiff] describes Defendant's conduct as

unreasonable, without any explanation as to how it was unreasonable other than a failure to cover certain damages, is simply not enough." *Soto*, 2016 WL 6883174, at *5; *see also Kim v. Nationwide Mut. Ins. Co.*, 614 F.Supp. 3d 475, 497 (N.D. Tex. 2022) ("Although this claim mentions a misrepresentation—suggesting it may not arise out of the same factual allegations as [Plaintiff]'s bad faith claim—the claim appears to rely on the same theory as his bad faith claim (i.e., that there was no reasonable basis to deny his policy benefits, and [the insurer]'s representation to the contrary was a misrepresentation of coverage.").

While Plaintiff notes that his adjuster inspected the Property and came to the opposite conclusion of Defendant's adjuster, "[t]he fact that qualified experts on each side of this case disagree about whether the damage to the [Property] was caused by hail and wind is further evidence that this case is, at heart, a bona fide coverage dispute, not one of bad faith." *Alvarez*, 2020 WL 1033657, at *5. Accordingly, the Court recommends that Defendant's motion be granted on Plaintiff's claims for breach of the common-law duty of good faith and fair dealing, DTPA violations, and violation of Texas Insurance Code Chapter 541. *See Soto*, 2016 WL 6883174, at *5 ("[A]n insurer may establish its right to summary judgment by showing that there is 'no more than a good faith dispute' as to coverage.").

### D. Texas Insurance Code Chapter 542 Claim

Defendant contends it is entitled to summary judgment on Plaintiff's claim under Texas Insurance Code Chapter 542.060 because it satisfied the relevant statutory deadlines. (ECF No. 12 at 21). Conversely, Plaintiff argues dismissal of his Chapter 542 claim is premature if the Court denies Defendant's motion as to Plaintiff's breach of contract claim. (ECF No. 13 at 19). The Court agrees with Plaintiff.

"Chapter 542 of the Texas Insurance Code, known as the Texas Prompt Payment of Claims Act ('TPPCA'), imposes procedural requirements and deadlines on insurance companies to promote the prompt payment of insurance claims." *Newton v. State Farm Lloyds*, No. 4:21-cv-322, 2022 WL 2195464, at *6 (E.D. Tex. May 17, 2022), *report and recommendation adopted*, No. 4:21-cv-322, 2022 WL 2195019 (E.D. Tex. June 17, 2022) (citing TEX. INS. CODE § 542.054). The TPPCA's requirements can be grouped into three components: (1) non-payment requirements and deadlines; (2) deadlines for paying claims; (3) and enforcement. *Id.* (citing *Barbara Techs. Corp. v. State Farm Lloyds*, 589 S.W.3d 806, 812–13 (Tex. 2019) (citing TEX. INS. CODE §§ 542.055–.060)).

> As set forth by §§ 542.055-.056(a), the first category of TPPCA requirements relate to notice, requiring that an insurer: provide notice to the insured of receipt of their claim; initiate an investigation; request all information the insurer reasonably

15

> believes is required for the investigation; and notify the insured within 15 days of acceptance or rejection of the claim.

*Id.* (citing TEX. INS. CODE §§ 542.055-.056). Then, there are two payment deadlines that specify an insurer has five business days to pay the insured "if the insurer accepts the claim in whole or in part." *Id.* (citing TEX. INS. CODE § 542.057(a) and *Hinojos v. State Farm Lloyds*, 619 S.W.3d 651, 653 (Tex. 2021)). Next, and most applicable here, under § 542.058,

> if an insurer, after receiving all items, statements, and forms reasonably requested and required under Section 542.055, delays payment of the claim for a period exceeding the period specified by other applicable statutes or, if other statutes do not specify a period, for more than 60 days, the insurer shall pay damages and other items as provided by Section 542.060.

*Id.* (quoting TEX. INS. CODE § 542.058(a)). Finally, to recover under TPPCA § 542.060, "an insured must establish that: (1) a claim was made under an insurance policy, (2) the insurer is liable for the claim, and (3) the insurer failed to follow one or more sections of the prompt-payment statute with respect to the claim." *Lyda Swinerton Builders, Inc. v. Okla. Sur. Co.*, 903 F.3d 435, 450 (5th Cir. 2018).

Plaintiff alleges violations of §§ 542.055, 542.056, 542.058, and 542.060. (ECF No. 1-3 at ¶¶ 6, 27, 33–34, 46–47). However, Plaintiff only elaborates on violations of §§ 542.058 and 542.060 in the Complaint by stating "[Defendant]'s delay in paying Plaintiff's claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time

16

provided, constitutes a non-prompt payment of the claim." (ECF No. 1-3 at ¶¶ 45–47). Given the Plaintiff's lack of briefing, discussion, and factual allegations as to §§ 542.055 – 542.056 in his Response to the instant motion, Plaintiff raises no evidence of a genuine factual dispute with respect to these sections. As such, to the extent any claims are asserted under §§ 542.055 – 524.056, the Court recommends they be dismissed.

Considering the breach of contract claim remains, a genuine issue of material fact exists for the § 542.058 claim. As stated in *Newton*:

> "[T]he Court is unable to discern compliance with the sixty-day period for payment contained in § 542.058(a). The Fifth Circuit has held that '[a] wrongful rejection of a claim may be considered a delay in payment for purposes of the 60-day rule and statutory damages.' Moreover, 'if an insurer fails to pay a claim, it runs the risk of incurring th[e] 18 percent statutory fee and reasonable attorneys' fees[.]' Here, because Plaintiff's claim for breach of contract is going forward to trial, so to [sic] should the question of whether Defendants have violated the sixty-day period to promptly pay Plaintiff's claim. Plaintiff's claim under the Texas Insurance Code § 542.058 must, as the Parties agree, proceed to trial."

*Newton*, 2022 WL 2195464, at *8 (quoting *Hinson v. State Farm Lloyds*, No. 4:20-cv-00093-SDJ-CAN, 2021 WL 1131231, at *11 (E.D. Tex. Mar. 10, 2021) (quoting *Barbara Techs.*, 589 S.W.3d at 818), *report and recommendation adopted*, No. 4:20-cv-093-SDJ, 2021 WL 1608495 (E.D. Tex. Apr. 26, 2021))); *see also Higginbotham*, 103 F.3d at 461. Therefore, an insurer may be liable under the TPPCA if it is found liable for breach of contract. *Tremago, L.P. v.*

17

*Euler-Hermes Am. Credit Indem. Co.*, 602 Fed. App'x. 981, 983 (5th Cir. 2015); *see also Agredano v. State Farm Lloyds*, 975 F.3d 504, 507 (5th Cir. 2020) (explaining that the TPPCA does not require a plaintiff to prove that the insurer acted wrongfully or in bad faith). "'A determination as to whether [Defendant] wrongfully delayed payment is dependent on the unresolved issue of whether [Defendant] is liable under the policy.'" *Newton*, 2022 WL 2195464, at *8 (quoting *Lee v. Catlin Specialty Ins. Co.*, 766 F.Supp. 2d 812, 826–27 (S.D. Tex. 2011)). If the breach of contract is proven at trial, then the Defendant may be liable under the TPPCA for a delay in payment. *See id.* at *11. Thus, because this Court recommends summary judgment be denied as to Plaintiff's breach of contract claim, it also recommends that summary judgment be denied as to Plaintiff's TPPCA claims under §§ 542.058 and 542.060. *See Labourdette*, 2021 WL 2042974, at *5; *see also Garcia*, 629 F.Supp. 3d at 508; *Newton*, 2022 WL 2195464, at *7–*8 (collecting cases).

### E. Fraud Claim

Plaintiff is unopposed to the dismissal of his fraud claim with prejudice. (ECF No. 13 at 21). Accordingly, this Court recommends that Plaintiff's fraud claim be dismissed with prejudice.

## IV. Conclusion

Based on the foregoing, the Court **RECOMMENDS** Defendant's Motion for Summary Judgment (ECF No. 12) be **GRANTED IN PART** as to Plaintiff's

claims for breach of the common-law duty of good faith and fair dealing, DTPA violations, violation of Texas Insurance Code Chapter 541, and any claims under §§ 542.055 and 542.056 of the Texas Insurance Code, and **DENIED IN PART** as to Plaintiff's claims for breach of contract and violation of Texas Insurance Code §§ 542.058 and 542.060. The Court **FURTHER RECOMMENDS** that Plaintiff's fraud claim be **DISMISSED WITH PREJUDICE**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

**SIGNED** in Houston, Texas on May 3, 2024.

Richard W. Bennett
United States Magistrate Judge